SENTENCIA

Se revoca la Sentencia del Tribunal de Apelaciones, se expide el “mandamus”y se ordena eliminar al Sr. Carlos E. Placer Román del Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso contra Menores.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal. La Jueza Presidenta Señora Fiol Matta emitió una opinión de conformidad, a la que se unió el Juez Asociado Señor Feliberti Cintrón. El Juez Asociado Señor Martínez Torres emitió una opinión de conformidad. El Juez Asociado Señor Estrella Martínez emitió una opinión concurrente. La Juez Asociada Señora Rodríguez Rodríguez disintió sin opinión escrita. El Juez Asociado Señor Kolthoff Caraballo no intervino.
(Fdo.) María I. Colón Falcón

Secretaria del Tribunal Supremo Interina

Opinión de conformidad emitida por la
Jueza Presidenta Señora Fiol Matta, a la cual se une el Juez Asociado Señor Feliberti Cintrón.
La Ley Núm. 243-2011 (4 LPRA see. 536 et seq.) eliminó el delito de actos lascivos o impúdicos cometidos contra una persona adulta de la lista de delitos que activan la obligación de inscribir al convicto en el Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso contra Menores. Por esa razón, estoy conforme con la decisión mayoritaria de expedir el mandamus y ordenar eliminar al Sr. Carlos Placer de este registro.
*823 I
El Sr. Carlos Placer Román fue declarado culpable de cometer el delito de actos impúdicos o lascivos contra una persona mayor de edad por hechos ocurridos el 1 de junio de 1998.(1) El 29 de diciembre de 1999, el Tribunal de Primera Instancia lo sentenció a cumplir una pena de seis años de prisión y ordenó la suspensión de la sentencia de cárcel al amparo de la Ley Núm. 259 de 3 de abril de 1946, según enmendada, conocida como Ley de Sentencia Suspendida y Libertad a Prueba.(2) Entre otras condiciones, la sentencia emitida por el Tribunal de Instancia ordenó que el señor Placer Román fuera inscrito en el Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso contra Menores (Registro).(3)
Según el certificado expedido por la Administración de Corrección y Rehabilitación, Programa de Comunidad de San Juan, la sentencia del señor Placer Román se cumplió el 29 de diciembre de 2005. El 17 de junio de 2011, el señor Placer Román presentó una petición de mandamus, en la cual solicitó al Tribunal de Primera Instancia que ordenara al Departamento de Justicia, a la Administración de Corrección, a la Policía de Puerto Rico y a la Junta de Libertad Bajo Palabra eliminar su nombre del Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso contra *824 Menores. Además, pidió una indemnización en daños conforme al Art. 659 del Código de Enjuiciamiento Civil de 1993.(4)
El señor Placer Román planteó que su nombre no debió haberse incluido en el Registro, pues el delito por el cual fue convicto no estaba incluido en la Ley Núm. 28-1997, aplicable al momento de dictarse sentencia en su contra. Además, la ley disponía que la información debía aparecer en el Registro durante un periodo de diez años desde que se comenzara a cumplir la sentencia bajo el beneficio de libertad a prueba, lo cual quería decir, en su caso, diez años a partir de 29 de diciembre de 1999.(5) Por esta razón, el peticionario comenzó a hacer gestiones para lograr que su nombre fuera removido del Registro a partir de 29 de diciembre de 2009.(6)
Las personas a cargo del Registro de Ofensores Sexuales y del Departamento de Corrección se negaron a borrar el nombre del peticionario del Registro porque según la ley que estaba vigente al momento de la petición, Ley Núm. 266-2004, el periodo de diez años de registro comenzaba a transcurrir desde que se terminara de cumplir la sentencia y no desde que el convicto saliera a la libre comunidad de acuerdo con el beneficio de libertad a prueba, como disponía la ley anterior. Además, la ley de 2004 requería una orden judicial para eliminar del Registro el nombre e información *825 del convicto.(7) Según esta interpretación, en el caso del señor Placer Román el periodo de inscripción en el Registro se extendería hasta el 29 de diciembre de 2015, puesto que cumplió su sentencia el 29 de diciembre de 2005.
El señor Placer Román adujo que esta interpretación constituía una aplicación retroactiva y desfavorable de un estatuto. Argumentó que al utilizar la fecha en que se cumplió su sentencia como punto de partida para el término de diez años se incurriría en “una aplicación ex post facto en menoscabo y perjuicio del demandante alterando las condiciones de la pena impuesta y ya cumplida”.(8)
A la vista señalada por el Tribunal de Primera Instancia comparecieron, además del peticionario, la Administración de Corrección y el Departamento de Justicia. Las partes estuvieron contestes en que no existía ninguna controversia de hecho y que la única controversia pendiente de dilucidar era si la Ley Núm. 266-2004 aplicaba al caso del señor Placer Román.
El Estado Libre Asociado de Puerto Rico (ELA), argumentó que la inscripción en el Registro no es un castigo, sino una medida de protección a las víctimas de delitos sexuales y a la ciudadanía. Por eso, la aplicación de las disposiciones de la Ley Núm. 266-2004 al peticionario no puede considerarse una aplicación ex post facto. Al aprobarse la Ley Núm. 266-2004, el peticionario estaba inscrito en el Registro por su condición de convicto por el delito de actos lascivos o impúdicos y porque aún no había extinguido su sentencia. Por lo tanto, según el ELA, no había transcurrido el término de diez años de inscripción y los funcionarios estaban obligados a mantener esa inscripción en el Registro hasta el 2015, según disponía la Ley Núm. *826 266-2004. Posteriormente, en una moción de sentencia sumaria, el ELA argumentó que el peticionario tenía que presentar su solicitud al Director Administrativo del Sistema de Información de Justicia Criminal antes de acudir a los tribunales, pues ese es el procedimiento administrativo dispuesto en la sección 531(n) de la Ley Núm. 129 de 30 de junio de 1977 para lograr que se elimine un nombre del Registro.(9)
El Tribunal de Primera Instancia desestimó la demanda, con perjuicio, el 27 de septiembre de 2011, en una sentencia notificada el 7 de octubre de 2011. Resolvió que la Ley Núm. 266-2004 aplicaba retroactivamente y que el señor Placer Román estaba debidamente incluido en el Registro ya que cumplía con todos los requisitos impuestos. También resolvió que no procedía el mandamus porque no había agotado el procedimiento administrativo dispuesto por el Art. 15 de la Ley Núm. 129 de 30 de junio de 1977 (4 LPRA ant. see. 53 ln) antes de recurrir al tribunal. Por otro lado, concluyó que tampoco se había configurado un deber ministerial del Estado, ya que según la Ley Núm. 266-2004, el término mínimo de diez años aún no se había cumplido.
Inconforme, el peticionario apeló ante el Tribunal de Apelaciones. Señaló que el Tribunal de Primera Instancia había errado al desestimar con perjuicio la petición de mandamus y aplicar retroactivamente la Ley Núm. 266-2004 y, también, al resolver que había un mecanismo administrativo disponible que no se había agotado. Posteriormente, solicitó al Tribunal de Apelaciones que ordenara la “eliminación de los datos del Apelante del Registro en auxilio de jurisdicción para evitar el daño sustancial e irreparable y las consecuencias adversas que implica para el solicitante la espera del transcurso regular de solución del recurso de Apelación presentado”.(10) Argumentó que ciertas enmiendas a la Ley Núm. 266-2004 introducidas por la Ley Núm. *827 243-2011 confirmaban el mérito de su solicitud de mandamus.(11)
El Tribunal de Apelaciones declaró “sin lugar” la solicitud de paralización y más tarde confirmó la sentencia del Tribunal de Primera Instancia. A su entender, el caso no planteaba una violación a la protección constitucional contra leyes ex post facto porque la ley que crea el Registro no es de naturaleza penal punitiva. El foro apelativo resolvió que el peticionario fue debidamente incluido en el Registro y que, según la Ley Núm. 266-2004, debía permanecer inscrito hasta el 29 de diciembre de 2015. El tribunal intermedio concluyó que el peticionario no había presentado una causa de acción que justificara la concesión de un remedio, pues ninguna disposición legal obliga al Estado a eliminar al peticionario del Registro; por lo tanto, el Estado no incumplió deber ministerial alguno. Por último, al igual que el tribunal recurrido, el Tribunal de Apelaciones determinó que la Ley Núm. 129, supra, proveía un remedio administrativo que el peticionario no había agotado.
En reconsideración, el peticionario planteó que el tribunal le debió haber acreditado el tiempo que estuvo registrado mientras cumplía su sentencia en la libre comunidad. También reiteró que las enmiendas introducidas por la Ley Núm. 243-2011 respaldaban los méritos de su petición pues restablecían la fecha cuando se emite la sentencia como el punto de partida del término de inscripción cuando se concede el beneficio de libertad a prueba, libertad bajo palabra o participación en un programa de desvío, tratamiento o rehabilitación. El Tribunal de Apelaciones se negó a reconsiderar su determinación.
Al recurrir de las decisiones de los tribunales inferiores el señor Placer Román señala que estas implican para él la extensión de las condiciones impuestas por la sentencia, en *828 detrimento de su desarrollo personal y profesional. Argumenta que no se puede aplicar de forma retroactiva el cam-bio establecido por la Ley Núm. 266-2004 para computar el término de inscripción porque agravaría la pena y extendería las condiciones a las que ha estado sujeto desde que fue juzgado. Además, sostiene que las enmiendas introducidas por la Ley Núm. 243-2011 apoyan su solicitud pues estas regresan al punto de partida original para computar el término de registro cuando la condena se cumple en libertad a prueba, libertad bajo palabra o sentencia suspendida, a saber, la fecha cuando se dicta la sentencia.(12) Por esta razón, solicita que los cinco años que llevaba inscrito en el Registro antes de aprobarse la Ley Núm. 266-2004 se incluyan en el cómputo de los diez años exigidos por ley.
Por otro lado, el peticionario niega que el proceso provisto por la Ley Núm. 129, supra, al que aluden el Estado y los tribunales inferiores, sirva para eliminar una inscripción del Registro; más bien permite revisar la información registrada en los bancos de datos del Sistema de Información de Justicia Criminal. De hecho, señala que la reglamentación vigente no dispone procedimiento administrativo alguno para lograr que se elimine un nombre del Registro.(13)
*829 Por su parte, el ELA sostiene que el mandamus no pro-cede pues, según el derecho vigente cuando se presentó la solicitud, el Estado no tenía el deber ministerial de eliminar la información del señor Placer Román del Registro. Afirma el Estado que el Registro no es un castigo y que la ley que lo crea no es de carácter penal; por eso no se activa la protección constitucional contra las leyes ex post facto. El ELA argumenta nuevamente que el peticionario debía haber utilizado el procedimiento administrativo provisto en la Ley Núm. 129, supra, para eliminar información no autorizada del Registro de Ofensores.(14) Por último, sostiene que la Ley Núm. 243-2011 tiene efecto retroactivo pleno. Concluye entonces que, si bien las nuevas enmiendas requieren que el plazo de inscripción se compute a partir de la fecha cuando se dicta la sentencia, la duración de dicho plazo es de veinticinco años.(15)
II
Al argumentar que el peticionario tenía disponible un procedimiento administrativo para atender su reclamo, el ELA nos refiere nuevamente al procedimiento dispuesto en la Ley Núm. 129, supra. Nuestro análisis de esa ley y del Reglamento para el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores nos lleva a concluir lo contrario.
*830 La Ley Núm. 129, supra, creó el Sistema de Información de Justicia Criminal con el propósito de proveer información completa y correcta a las entidades integrantes del Sistema de Justicia Criminal.(16) Cualquier persona puede presentar una solicitud escrita y jurada ante el Director Administrativo del Sistema alegando que toda o parte de la información recopilada bajo su nombre es incorrecta, incompleta o no está autorizada por ley. Si el Director Administrativo rechaza la solicitud, el reclamante puede solicitar reconsideración ante la Junta Ejecutiva en pleno.(17) Sin embargo, este procedimiento solo permite corregir información incorrecta o no autorizada, mas no permite que la persona impugne la inclusión de su nombre en el Sistema.(18)
Por otro lado, la ley de 2004 expresamente dispone que la información de la persona solo puede eliminarse del Registro cuando se cumple el término de diez años, se revoca la convicción o se recibe un perdón ejecutivo o indulto total.(19) Por imperativo de esta legislación, el Reglamento para el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores Ley Núm. 266 de 9 de septiembre de 2004 (Reglamento 7131), vigente al momento en que el peticionario presentó la petición de mandamus, establece en su Art. 9(C)(3) lo siguiente:
(3) La información contenida en el Registro solamente podrá ser eliminada de éste bajo las siguientes circunstancias:
(a) Si ha transcurrido un periodo de diez (10) años desde que la persona convicta cumplió la sentencia impuesta (si no es un agresor sexual peligroso).
(b) Si la convicción es revocada por un tribunal.
*831 (c) Si el convicto recibe un perdón ejecutivo o indulto total.(20)
Evidentemente, la ley de 2004 y el Reglamento 7131 establecen unas razones categóricas para eliminar la información de las personas registradas. Estas son, el transcurso del periodo de diez años desde que se cumplió la sentencia, la revocación de la convicción y el perdón ejecutivo o indulto total. El procedimiento de revisión administrativa que provee la Ley Núm. 129, supra, no está incluido en el Reglamento Núm. 7131. Por lo tanto, el señor Placer Román no tenía otro remedio disponible en ley para lograr que se eliminara su información del Registro.
En cuanto a los demás elementos que deben considerarse antes de expedir el recurso de mandamus, tenemos constancia de que el señor Placer Román presentó su solicitud en varias ocasiones, pues fue precisamente la negativa de los diferentes funcionarios a eliminar su nombre del Registro lo que dio pie a la presentación de su demanda. Por otra parte, conceder el remedio solicitado no afectaría derechos de terceros. Ahora bien, para evaluar el interés público involucrado y si efectivamente existía el deber ministerial reclamado por el señor Placer Román debemos examinar la legislación aplicable al Registro.
III
A. La primera legislación pertinente, la Ley Núm. 28-1997, fue aprobada con el propósito de crear un registro de las personas que se reintegran a la libre comunidad después de haber sido convictas por delitos sexuales violentos *832 y por delitos de abuso contra menores.(21) Esta ley fue promulgada para proteger a la comunidad contra la conducta constitutiva de abuso sexual y abuso contra menores.(22) Según su declaración de política pública el Registro no tiene un propósito punitivo, sino que es “un medio para garantizar la seguridad, protección y bienestar general”.(23)
En términos generales, la Ley Núm. 28-1997 estableció quiénes tenían la obligación de registrarse, así como sus deberes y obligaciones, y los de las autoridades del orden público. La ley también reguló la disponibilidad de la información contenida en el Registro. El Art. 3(a) de la Ley Núm. 28-1997, supra, establece que deberán inscribirse
[...] las personas que resulten convictas por alguno de los siguientes delitos o su tentativa: violación, seducción, sodomía, actos lascivos o impúdicos.(24)
Según esta ley, el Tribunal de Primera Instancia debía ordenar la inclusión de los datos del convicto en el Registro durante el acto de lectura de sentencia.(25) Una vez registrada, la persona tenía que notificar a la Policía de Puerto Rico cualquier cambio en su dirección, además de actualizar la información en el Registro anualmente.(26)
La ley de 1997 dispuso un término de diez años durante el cual el Estado podía conservar la información de la persona registrada. Este término se contaría desde que la persona convicta “cumplió la sentencia de reclusión, desde que comenzó a cumplir la sentencia bajo el beneficio de libertad *833 a prueba o desde que es liberada bajo palabra”.(27) Transcurrido este término, “el nombre y los datos de la persona serán eliminados del Registro. El Sistema adoptará la reglamentación necesaria para cumplir con lo dispuesto”.(28)
Como podemos apreciar, la ley de 1997 reconoce dos puntos de partida para calcular el término de diez años de inscripción. Si se ordena la reclusión, este término comenzará a contar una vez se cumpla la sentencia. Ahora bien, si se otorga el beneficio de libertad a prueba o de libertad bajo palabra el término se contará desde que la persona comienza a cumplir la sentencia o desde que es liberada bajo palabra.
Esta distinción es afín al propósito de la ley y la política pública que persigue: prevenir la comisión de delitos sexuales violentos y de abuso contra menores mediante el registro de información sobre las personas convictas una vez estas se reintegren a la libre comunidad. La ley de 1997 reconoce que las personas que cumplen su sentencia en libertad a prueba o bajo palabra se reintegran a la libre comunidad antes de completar su sentencia. Por eso, en esos casos, el término de diez años se computará desde que se comienza a cumplir la sentencia o desde que la persona es puesta en libertad bajo palabra.(29)
El señor Placer Román fue convicto por actos lascivos o impúdicos bajo la ley vigente al momento de los hechos, la Ley Núm. 28-1997. Como vimos, esa ley requería que las personas convictas por ese delito fueran inscritas en el Registro. Además, el Art. 5 de la ley de 1997 (4 LPRA ant. sec. 535c) imponía la inscripción en el Registro como condición para poder disfrutar del beneficio de libertad a prueba. Es más, al crear el Registro, la Ley Núm. 28-1997 enmendó la Ley de Sentencia Suspendida y de Libertad a *834 Prueba para fijar la obligación de tener registrado el nombre, la dirección y otros datos personales del convicto como condición al disfrute de la libertad a prueba. Es evidente, pues, que el señor Placer Román fue inscrito en el Registro conforme a la ley de 1997, aun cuando la sentencia del Tribunal de Primera Instancia no lo dispuso expresamente como condición. Por lo tanto, la inscripción del señor Placer Román en el Registro data desde el 29 de diciembre de 1999, cuando fue sentenciado y comenzó a cumplir la sentencia en la libre comunidad. Según dispone la ley de 1997 desde entonces comenzó a transcurrir también el término de diez años de inscripción.
B. La Ley Núm. 28-1997 fue derogada en 2004. La nueva Ley Núm. 266-2004, supra, reafirma las consideraciones de política pública de la Ley Núm. 28-1997, incluye los mismos delitos que la ley anterior y exige las mismas obligaciones a las personas sujetas al Registro.(30) El tiempo durante el cual el Estado deberá mantener la información de la persona en el Registro también es el mismo. Sin embargo, la ley de 2004 modificó el momento a partir del cual se debe comenzar a contar el tiempo de inscripción. Según el Art. 5 de la ley, el período de inscripción para toda persona convicta deberá contarse desde que la persona cumple el término de su sentencia. Esta disposición omitió la distinción reconocida en el estatuto derogado entre las personas que cumplen su sentencia en una institución penitenciaria y aquellas que lo hacen en la libre comunidad, quienes, bajo la ley anterior, tenían la obligación de inscribirse en el Registro desde antes de haberse extinguido su sentencia. Evidentemente, al establecer la fecha de cumplimiento de la sentencia como punto de partida exclusivo, la ley de 2004 creó una situación desventajosa para estas personas, aumentando significativamente *835 el término de su inscripción en el Registro, pues estarían inscritas desde que se dictó su sentencia hasta la fecha de aprobación de la nueva ley, más los diez años posteriores a la extinción de su sentencia. Ese es, precisamente, el caso del señor Placer Román.
Al aprobarse la ley de 2004, el señor Placer Román cumplía su sentencia en la libre comunidad, bajo el régimen de libertad a prueba. Su nombre y datos personales ya habían estado inscritos durante cinco años. Como no habían transcurrido los seis años de su sentencia, quedó registrado nuevamente.(31) Sin embargo, en lugar de cinco años adicionales hasta completar el término estatutario de diez años, la nueva ley le exige permanecer en el Registro por un nuevo término de diez años que comenzará el día en que cumpla con la totalidad de su sentencia. En otras palabras, como resultado de la aplicación de la Ley Núm. 266-2004, el nombre, la dirección y otros datos personales del señor Placer Román permanecerán en el Registro un total de quince años, los cinco años que habían transcurrido antes de la aprobación de la ley, más los diez años que comenzarían a transcurrir cuando cumpliera su sentencia.
C. La aprobación de la Ley Núm. 243-2011 parece haber atendido esta situación. La ley de 2011 enmienda el estatuto de 2004 para atemperarlo a la Ley Núm. 109-248 federal de 27 de julio de 2006, conocida como Adam Walsh Child Protection and Safety Act of2006 o Sex Offender Registration and Notification Act (SORNA).(32) Esta ley federal dispone una revisión completa de los estándares nacionales para el registro y notificación de los ofensores sexuales con el fin de lograr un registro más efectivo que brinde mayor seguridad al público. También impone unas obligaciones mínimas a los estados y territorios de Estados *836 Unidos de América.(33) Al adoptar los requisitos mínimos de la ley SORNA, el Art. 2 de la Ley Núm. 243-2011 estableció tres clasificaciones para los ofensores sexuales basadas en el delito sexual cometido, enmendando de forma sustancial las obligaciones de la persona sujeta al Registro.(34)
El término de inscripción y las obligaciones del convicto corresponden entonces al tipo de ofensa sexual. El Art. 5 de la Ley Núm. 243-2011 establece que el término mínimo para el Ofensor Sexual Tipo I es de quince años, el Ofensor Sexual Tipo II deberá estar inscrito durante veinticinco años y el Ofensor Sexual Tipo III, durante toda la vida.(35) Se elimina de esta forma el término uniforme de diez años y se sustituye por un término específico según la gravedad de los delitos. Bajo esta clasificación, todas las personas convictas de un delito sexual o de abuso contra menores tendrán que estar registradas por un término mayor al establecido anteriormente.
Por otro lado, la ley de 2011 restituye el estado de derecho original en cuanto al momento desde el cual se comienza a contar el término de inclusión en el Registro. Nuevamente, se distingue entre las personas que cumplen su sentencia en una institución correccional y aquellas que cumplen su sentencia en la libre comunidad. El término comienza a contar desde que la persona es excarcelada, en el primer caso, y, en el segundo, desde que se dicta la sentencia, resolución o determinación para participar en los programas de libertad a prueba, libertad bajo palabra o programas de desvío, tratamiento o rehabilitación, y se notifica su inclusión al Registro.
Sin lugar a dudas, las enmiendas más notables son las que clasifican a los ofensores sexuales en tres tipos. En cumplimiento con la ley federal, el Art. 2 de la ley establece *837 tres tipos de ofensores sexuales. En lo que refiere al delito de actos lascivos, este no se encuentra en la lista de delitos cuya convicción requiere que la persona sea inscrita en el Registro como Ofensor Tipo I.(36) El inciso (9) del Art. 2 de la ley de 2011 dispone que la clasificación de Ofensor Sexual Tipo II corresponderá a aquellas personas convictas por actos lascivos o impúdicos, o su tentativa o conspiración, “cuando la víctima fuere un menor de edad”.(37) Por último, será Ofensor Sexual Tipo III toda persona que resulte convicta de “actos lascivos cuando la víctima no ha cumplido los dieciséis (16) años”. (Énfasis suplido).(38)
En resumen, la Ley Núm. 243-2011 categoriza a las personas convictas por el delito de actos lascivos de acuerdo con la edad de la víctima. Si la víctima era menor de edad, pero no menor de dieciséis años, el convicto será un Ofensor Sexual Tipo II. Si la víctima no ha cumplido los dieciséis años, el convicto será registrado como un Ofensor Sexual Tipo III. La Ley Núm. 243-2011 no incluye una categoría de Ofensor Sexual para las personas convictas por el delito de actos lascivos cometido contra una persona mayor de edad.
IV
El ELA sostiene que el señor Placer Román es un Ofensor Sexual Tipo II, por lo cual debe estar inscrito durante veinticinco años a partir de la fecha en que se dictó la sentencia en 1999. Sin embargo, luego de analizar el texto de la Ley Núm. 243-2011, resulta evidente que el delito por el cual el señor Placer Román fue inscrito en el 1999 fue eliminado de las tres clasificaciones de Ofensores Sexuales que deben inscribirse en el Registro. El delito de actos las *838 civos o impúdicos, cuando la víctima es mayor de edad, no activa la obligación de inscribir al convicto en el Registro.
La obligación de estar registrado en el caso del señor Placer Román proviene del Art. 3(e) de la Ley Núm. 243-2011: “[q]uedarán registradas las personas que al momento de la aprobación de esta Ley, tenían la obligación de registrarse bajo la Ley 28-1997, según enmendada”.(39) Como vimos, la Ley Núm. 243-2011 también eliminó la obligación que impuso la Ley Núm. 266-2004 de calcular el término de inscripción desde que concluye la sentencia y ordenó que se compute dicho término desde que la persona comienza a cumplir su sentencia suspendida.
El señor Placer Román no debe estar inscrito en el Registro, pues el delito por el cual fue convicto —actos lascivos o impúdicos contra una persona mayor de edad— fue eliminado de los delitos que deben incluirse en el Registro. De igual forma, tampoco le aplican los términos de registro de la Ley Núm. 243-2011, pues cuando esta entró en vigor, ya los diez años de registro que imponía la Ley Núm. 128-1997 se habían cumplido, en 2009. Consecuentemente, el señor Placer Román tiene derecho a que su información se elimine del Registro. Para ello se requiere que un tribunal ordene la eliminación de la información pues, como expusimos, el Reglamento Núm. 7131 no contempla la situación particular del señor Placer Román.
En este caso, eliminar la información del señor Placer Román es un deber ministerial que impone nuestro ordenamiento y no acepta discreción alguna por parte de los actores gubernamentales responsables. Procede, pues, la expedición del mandamus ordenando que se elimine la inscripción del señor Placer Román en el Registro.
*839 V
Por los fundamentos expuestos, estoy conforme con la decisión de la mayoría de este Tribunal de revocar la sentencia del Tribunal de Apelaciones, expedir el “mandamus” y ordenar eliminar al señor Placer Román del Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso contra Menores.
Opinión de conformidad emitida por el
Juez Asociado Señor Martínez Torres.
Estoy de acuerdo con que el Sr. Carlos E. Placer Román no debe estar inscrito en el Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso contra Menores (Registro). Para llegar a esa conclusión es innecesario discutir si según la ley actual, Ley Núm. 243-2011 (4 LPRA see. 536 et seq.), una persona que cometió el delito de actos lascivos debe incluirse en el Registro.
El Art. 2(e) de la Ley Núm. 243-2011, 4 LPRA see. 536a(e), establece claramente que “[q]uedarán registradas las personas que al momento de la aprobación bajo la Ley 28-1997, según enmendada”. Se desprende de este artículo que hay que acudir a la Ley Núm. 28-1997 (4 LPRA ant. see. 535 et seq. (ed. 2003)), para ver si el señor Placer Román estaba obligado bajo los términos de esa ley a permanecer inscrito en el Registro.
El señor Placer Román entró al Registro por la Ley Núm. 28-1997, supra. Ese estatuto establecía que el Estado podía conservar durante diez años la información sobre el ofensor. Art. 5 de la Ley Núm. 28-1997 (4 LPRA ant. sec. 535c (ed. 2003)). En los casos en que el ofensor cumpliera su sentencia con el beneficio de libertad a prueba, el término se comenzaba a computar desde que comenzó a *840 cumplir la sentencia y no desde que terminó de cumplirla. Id. El señor Placer Román fue sentenciado el 29 de diciembre de 1999 con el beneficio de libertad a prueba. Desde ese momento comenzaron a transcurrir los diez años. Esos diez años se cumplieron en diciembre de 2009, dos años antes de que se aprobara la Ley Núm. 243-2011, supra. Desde ese momento cesó la obligación del señor Román de figurar inscrito en el Registro.
En conclusión, cuando se aprobó la Ley Núm. 243-2011, supra, el señor Placer Román ya no estaba obligado a aparecer en el Registro al amparo de la Ley Núm. 28-1997, supra. Por tal razón, su información se debe borrar.

 Art. 105(d) del Código Penal de 1974 (33 LPRA ant. see. 4067 (ed. 2001)) dispone:
“Toda persona que sin intentar consumar acceso carnal cometiere cualquier acto impúdico o lascivo con otra será sancionada con pena de reclusión según más adelante se dispone si concurrieran cualesquiera de las siguientes modalidades:
“(d) Si la víctima fuere compelida al acto mediante el empleo de medios engañosos que anulen o disminuyan sustancialmente, sin su conocimiento, su capacidad de resistencia”.

 34 LPRA sec. 1027.

 Entre las condiciones que debía cumplir el señor Placer Román estaban: (1) permanecer en la jurisdicción del Estado Libre Asociado de Puerto Rico; (2) comparecer regularmente ante un Técnico de Servicios Sociopenales del Programa de Comunidad de la Administración de Corrección; (3) mantenerse empleado o estudiando; (4)abstenerse del uso de sustancias controladas y del consumo de alcohol.

 32 LPRA sec. 3431.

 El señor Placer Román fue sentenciado el 29 de diciembre de 1999. El Art. 5 de la Ley Núm. 28-1997, vigente al momento de la sentencia, disponía en lo pertinente:
“La información de la persona convicta por los delitos enumerados en el inciso (a) del Artículo 3 de [esta ley], se mantendrá en el Registro por un período de diez (10) años desde que la persona cumplió la sentencia de reclusión, desde que comenzó a cumplir la sentencia bajo el beneficio de libertad a prueba o desde que es liberada bajo palabra. Una vez transcurra dicho término, el nombre y los datos de la persona serán eliminados del Registro. El Sistema adoptará la reglamentación necesaria para cumplir con lo dispuesto”. 4 LPRA ant. sec. 535c (ed. 2003).

 El peticionario también señaló que había sido inscrito en el Registro erróneamente, ya que en la Sentencia de 29 de diciembre de 1999 no se incluyó como parte de las condiciones la inclusión en el Registro de Ofensores Sexuales.

 La Ley Núm. 266-2004 derogó la Núm. Ley 28-1997 (4 LPRA ant. sees. 535-535h). Entre sus disposiciones estableció que la información de la persona convicta por delitos sexuales se mantendría en el Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso contra Menores (Registro) por un periodo mínimo de diez años desde que se cumpliera la sentencia impuesta.

 Apéndice del Certiorari, pág. 62.

 4 LPRA. see. 536.

 Apéndice del Certiorari, pág. 146.

 El peticionario resaltó que la Sentencia del Tribunal de Primera Instancia fue notificada y archivada en autos previo a la aprobación de la Ley Núm. 243-2011. Apéndice del Certiorari, pág. 142.

 Petición del Certiorari, pág. 8. El peticionario solicita que la fecha cuando se dictó sentencia se tome como punto de partida para calcular el término de inscripción, tal como disponía la Ley Núm. 28-1997 y como restablece la Ley Núm. 243-2011. Sin embargo, señala que no se le debe aplicar el tiempo mínimo de inscripción, según la nueva clasificación de la Ley Núm. 243-2011, ya que ésta aumenta el término a veinticinco años.

 El peticionario sostiene que si bien el Reglamento para el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores (Ley Núm. 266 de 9 de septiembre de 2004), Reglamento Núm. 7131, dispone en cuáles situaciones se eliminaría a una persona del Registro, estas no incluyen el proceso administrativo para revisar información establecido en la Ley Núm. 266-2004 (4 LPRA see. 536). El Art. 9(C) del Reglamento dispone en lo pertinente:
“C. Responsabilidades del Sistema de Información de Justicia Criminal (SIJC)
“3. La información contenida en el Registro solamente podrá ser eliminada de éste bajo las siguientes circunstancias:
“a. Si ha transcurrido un período de diez (10) años desde que la persona convicta cumplió la sentencia impuesta (si no es un agresor sexual peligroso).
*829 “b. Si la convicción es revocada por un tribunal.
“c. Si el convicto recibe un perdón ejecutivo o indulto total”, http:// www2.pr.gov/agencias/sijc/LeyesYReglamentos/reglamentos/Pages/Reglamento paraelRegistrodePersonasConvietasporDelitosSexualesyAbusoContraMenoresLEYN %C3%9AM266.aspx

 El Estado Libre Asociado de Puerto Rico (ELA) alega que toda información que sea mantenida en el registro por más tiempo del establecido por ley constituye información no autorizada y el recurso para eliminar información no autorizada en el Registro es el procedimiento establecido por la Ley Núm. 129, supra.

B) Según el ELA, el delito de actos lascivos o impúdicos por el cual fue convicto el peticionario corresponde a la clasificación de ofensor sexual tipo II de la Ley Núm. 243-2011. Bajo esta clasificación el plazo mínimo de inscripción en el Registro es de veinticinco años.

 4 LPRA sec. 531.

 4 LPRA sec. 53 In.

 íd.

 4 LPRA sec. 536(c). La ley de 1997 no contemplaba que se eliminara la información una vez se revocara la convicción o se recibiera un perdón ejecutivo o indulto total.

 Art. 9(C)(3) del Reglamento para el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores, Ley Núm. 266 de 9 de septiembre de 2004, Reglamento Núm. 7131, pág. 9.

 El Art. 2 de la Ley Núm. 28-1997 (4 LPRA ant. sec. 535a) define “delitos sexuales violentos” y “delitos contra menores” como los delitos enumerados en el Art. 3 de la ley, 4 LPRA ant. sec. 535b.

 Art. 1 de la Ley Núm. 28-1997, supra.

 íd.

 4 LPRA sec. 536a.

 4 LPRA sec. 536b. El Ministerio Público será el encargado de notificarle al Sistema de Información de Justicia Criminal la información de la persona convicta requerida por ley.

 4 LPRA sec. 536c.

 íd.

 íd.

 Esta distinción es significativa pues, como veremos, la Ley Núm. 266-2004, supra, solamente permite que el cómputo del término de diez años se haga a partir de la fecha cuando la persona cumple la totalidad de la sentencia.

 Exposición de Motivos de la Ley Núm. 266-2004, supra, 2004 (Parte 2) Leyes de Puerto Rico 2015.

 Art. 3(d) de la Ley Núm. 266-2004.

 Exposición de Motivos de la Ley Núm. 243-2011, aprobada el 14 de diciembre de 2011.

 íd.

 íd. Según la ley, un ofensor sexual es aquella persona que ha sido convicta por un delito sexual o su tentativa o conspiración. 4 LPRA. see. 536(7).

 4 LPRA sec. 536c.

 4 LPRA sec. 536(8).

 4 LPRA sec. 536(9).

 4 LPRA sec. 536(10).

 4 u?;rA. sec. 536b(e). El Art. 15 de la ley de 2011 establece que las disposiciones beneficiosas de la ley podrán tener efecto retroactivo. Véase Pueblo v. Hernández García, 186 DPR 656 (2012).